UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-CR-00522 |
| Plaintiffs, | : | Judge Benita Y. Pearson |
| -vs- | : | |
| BRIAN R. COLEMAN, | : | **DEFENDANT'S MOTION FOR EXCULPATORY AND MITIGATORY EVIDENCE** |
| Defendant. | : | |

Now comes Brian R. Coleman, by and through undersigned counsel, Brandon J. Henderson, Esq., and Justin M. Weatherly, Esq., and pursuant to Fed.Crim.R. 16 and the Fifth and Fourteenth Amendments to the United States Constitution, and respectfully moves this Honorable Court for an order directing the Government, by and through its Assistant United States Attorney, to provide to defendant's attorney with any exculpatory or mitigatory material, in the possession of the United States Attorney's Office and/or its agents, for examination, transcription, copying or duplication, the following information:

1. Copies of all statements by any witness, signed or unsigned, however acquired and tapes, videos, notes, observations, and admissions preserved in whatever form, which are exculpatory as to the merits of the above-captioned matter, or mitigatory as to punishment including but not limited to statements of the investigating officers, whether state or federal officers, which are exculpatory or mitigatory to the defense.

2. All memoranda, notes, statements, and/or reports relating to scientific investigations or tests and any photographic, electronic or physical evidence which are exculpatory or mitigatory to the proof of the above-captioned matter, directly or indirectly.

3. Any and all evidence which may pertain the defendant which may

exculpate or mitigate the defendant. This should include and not be limited to any videotapes, statements, court records, admissions, photographs and/or audio tapes.

The reasons in support of this Motion are set out in the Brief in Support.

<pre>
                                        s/ Justin M. Weatherly, Esq.
                                        BRANDON J. HENDERSON
                                        Reg. No. 0075285
                                        JUSTIN M. WEATHERLY, Esq.
                                        Reg. No. 0078343
                                        Henderson, Mokhtari & Weatherly
                                        1231 Superior Avenue
                                        Cleveland, Ohio 44113
                                        (216) 774-0000
                                        Counsel for Brian R. Coleman
</pre>

**BRIEF IN SUPPORT**

In Brady v. Maryland, the United States Supreme Court defined exculpatory as "evidence favorable to an accused which is material to guilt." 373 U.S. 83, 87 (1963). Furthermore, in Lockett v. Ohio, the United States Supreme Court held that the purpose of mitigation is "to reduce culpability and ensure...consideration of the individual offender and his crime." 438 U.S. 586 (1978).

The Due Process Clause of the Fourteenth Amendment to the United States Constitution is violated when any material exculpatory of the defendant and in the possession of the government is not revealed to him. Brady v. Maryland, *supra*; McMullen v. Maxwell, 3 Ohio St. 2d 160, 209, N.E. 2d 449 (1965); United States v. Shaffer, 789 F. 2d 682 (9th Cir. 1986); Hilliard v. Spaulding, 719 F. 2d 1443, 1445 (9th Cir. 1983).

In United States v. Agurs, the Court, speaking through Mr. Justice Stevens, held that:

> ...if the subject matter of such a request is material, or indeed if a substantial basis for claiming materiality exists, it is reasonable to require the prosecutor to respond...when the prosecutor fails to make any response is seldom, if ever excusable.

427 U.S. 97, 106 (1977).

In accordance with the authority mentioned above, the defendant respectfully requests that the following evidence must be disclosed to his counsel for review:

1. any and all pertinent information concerning any and all witnesses' credibility, Schneider v. Estelle, 552 F. 2d 593 (5th Cir. 1977);

2. inconsistent statements, prior unfounded accusations, and prior convictions of any and all witnesses, United States v. Caraday, 466 F. 2d 1191 (9th Cir. 1972);

3. promises of consideration by the prosecution to any and all witnesses, Annuziatio v. Manson, 566 F. 2d 410 (2nd Cir. 1977);

4. threats of prosecution to any and all witnesses, United States v. Sutton, 542 F. 2d 1239 (4th Cir. 1976);

5. any and all witnesses' failure to name or identify the defendant as a participant in the crime, Jones v. Tago, 428 F. Supp. 405 (N.D. Ohio 1977) aff'd, 578 F. 2d 1164 (6th Cir. 1978); and

6. any and all evidence which is of obvious substantial value to the defense, United States v. Agurs, *supra*.

The defendant seeks to obtain all exculpatory evidence within the possession, custody or control of the government and/or its agents, the existence of which is known, or could become known through the exercise of due diligence by them, and which is material either to guilt or punishment. Brady, *supra*.

A criminal trial should not be a game of wits between the prosecution and defense, whereby the party with the greater resources or the better strategy wins. Levin v. Katzenbach, 363 F.2d 287 (D.C. Cir. 1967). A defendant should not be deprived of the fair trial to which he is entitled by the Due Process Clause of the Fifth Amendment because his counsel lacks the resources to investigate and discover information to which the government has ready access. Therefore, it is essential to prevent prejudice to the defendant's rights that the government delivers discoverable and exculpatory evidence to the defense, and that this be far enough in advance of trial so that it can be used to aid in the preparation of the defense's case. Hamric v. Bailey, 386 F.2d 390 (4th Cir. 1967). The prosecutor must make disclosure of discoverable evidence upon request at a time when it is of value to the accused. "Manifestly, a more lenient disclosure burden on the government would drain Brady of all vitality." United States v. Elmore, 423 F.2d 775, 779 (4th Cir. 1970); See also United States v. Deutch, 373 F. Supp. 284 (S.D.N.Y. 1974).

The essence of the requirement that the prosecution disclose certain evidence is that it be done far enough in advance to allow adequate time to evaluate, prepare and present it at trial. Green v. McElroy, 360 U. S. 474 (1959).

As the Court of Appeals held in United States v. Dye, the prosecution may not withhold from the defense material evidence vital to the defense of the accused. 221 F.2d 763 (3rd Cir. 1955), citing United States ex rel. Almeida v. Baldi, 195 F.2d 815 (3rd Cir. 1952), cert. denied, 346 U. S. 904 (1953); accord, Barbee v. Warden, Maryland State Penitentiary, 331 F.2d 842 (4th Cir. 1964).

The defense is most aware of the kind of trial strategy which will be employed, and is, therefore, best equipped to know what is material and potentially useful. If the government has serious doubts about whether the evidence is useful to the defense, it should resolve such doubts in favor of the defendant. This is an appropriate rule since disclosure would do no harm to the truth finding process, while a failure to disclose might well prejudice the defense. United States v. Miller, 529 F.2d 1125 (9th Cir. 1976). It is not for the government to decide for the Court which is admissible or to determine for the defense what is useful. Griffin v. United States, 183 F.2d 990, 993 (D.C. App. 1950); Barbee, *supra*, at 845. To do otherwise would be to permit the prosecution to control the defense case. If an item is questionable, it should be revealed as there is no valid argument favoring the non-disclosure of evidence.

If there is a question in the mind of the prosecution as to whether or not something should be revealed to the defendant, he should be directed to disclose anything which might affect the outcome of the trial or for which a substantial basis exists for claiming materiality and, when in doubt, it should be submitted to the Court for its

review. United States v. Agurs, 427 U. S. 97 (1976); United States v. Gaston, 608 F.2d 607, 0612-14 (5th Cir. 1979); United States v. Pacelli, 491 F.2d 1108, 1118 (2nd Cir.), cert. denied, 419 U. S. 826 (1974).

The prosecution may not suppress the means of obtaining evidence, nor leads which may develop exculpatory evidence. United States v. Bowles, 488 F.2d 1307 (D.C. Cir. 1973); United States v. Bonnano, 430 F.2d 1060 (2nd Cir. 1970). The materiality of evidence must be considered in light of the evidence it might subsequently reveal. Evidence which leads to other evidence is, therefore, particularly material.

Information which is probative on the issue of credibility of government witnesses is but one example of what must be given to the defense. Ingram v. Peyton, 367 F.2d 933 (4th Cir. 1966). Such evidence is particularly important when the prosecution's case turns on the credibility of its witnesses. Giglio v. United States, 405 U. S. 150 (1972). The prosecution may not disregard credibility evidence, nor leave it to chance that the defense will learn of it on their own. Levin v. Katenbach, *supra*.

The defense should be given all evidence in advance of trial which could be utilized within the bounds of legitimate advocacy to fashion arguments which might create a reasonable doubt in the minds of the jury as to the defendant's guilt. United States v. Keough, 391 F.2d 138 (2nd Cir. 1968).

The disclosure of the names and persons the prosecutor does not plan to call as witnesses may be even more important to an adequate defense than the witness list. These persons may have knowledge of the case which cannot otherwise be obtained by the defense. See United States ex rel. Meers v. Wilkins, 326 F.2d 135 (2nd Cir. 1964) (due process violation resulted from the failure to disclose to the defense the existence of two

eyewitnesses to a robbery whose testimony would have tended to exculpate the defendant); See also, Sennett v. Fairfax, 608 F.2d 539 (4th Cir. 1979); United States v. Ladd, 48 F.R.D. 266 (D. Alaska 1969) (granting discovery of exculpatory statements of witnesses not to be called by the government).

Additionally, a Brady issue arises from the failure of the prosecution to disclose its non-witnesses. As government agents have interviewed these persons the prosecution has decided not to call as witnesses, one may assume that they fall into three possible categories:

1. Their information tends to exculpate the defendants;
2. Their information, although tending to be inculpatory, is either cumulative or of marginal probative value; or
3. They have no relevant information.

The right of the accused to confront witnesses is guaranteed by the Sixth Amendment to the United States Constitution. The importance of this right to confrontation was best stated by the Supreme Court of the United States in Greene v. McElroy, 360 U. S. 474 at 496:

> Certain principles have remained relatively immutable in our jurisprudence. One of these is that where a governmental action seriously injures an individual and the reasonableness of the action depends on fact findings, the evidence used to prove the government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue.
>
> While this is important in the case of documentary evidence, it is even more important where the evidence consists of the testimony of individuals whose memory might be faulty of who, in fact, might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy. We have formalized these protections in the requirements of confrontation and cross-examination. They have ancient roots. They find expression in the Sixth Amendment which provides that in all criminal

> cases, the accused shall enjoy the right 'to be confronted
> with the witnesses against him.'

In the first case, the witnesses' identity seems clearly discoverable under <u>Brady</u>. In the second and third categories, it would seem plausible that the names should be disclosed and that defense counsel shall be given an opportunity to determine whether or not the witnesses' testimony could be helpful.

Additionally, the defendant should be able to discovery any and all arrangements for immunity, pleas to lesser charges, promises not to prosecute or any other "deals" entered into, between or on behalf of the government and any witnesses, or their family, friends or associates. This data goes directly to the heart of the witnesses' motive in testifying and their credibility and/or bias. This information is discoverable under <u>Brady</u> and <u>Giglio</u>, and <u>Boone v. Paderick</u>, 541 F.2d 447, 451 (4th Cir. 1976). <u>United States v. Bagley</u>, 473 U. S. 667, 105 S. Ct. 3375 (1985). This type of information is certainly important for the defense because, if defense counsel is placed in a position whereby he cannot effectively cross-examine the accusers, his effectiveness will be greatly diminished. A fundamental duty owed to a client by an attorney is to make deliberate and informed decisions. <u>United States v. Hinton</u>, 631 F.2d 769, 780 (D.C. Cir. 1980). That cannot be done without this information.

For the same reason, defendant's request for the criminal records of any and all witnesses to be called by the prosecution should be granted. The <u>ABA Standards Relating to Discovery and Procedure Before Trial</u> provides for the disclosure to defense counsel of "any record of prior criminal convictions of persons whom the prosecuting attorney intends to call as witnesses." Sec. 2.1(a)(vi).

The defense must be given adequate time to make use of the evidence obtained through discovery. In <u>Hamric</u>, the Court said "[i]f it is incumbent to the State to disclose evidence favorable to an accused, manifestly, that disclosure to be effective must be made at a time when the disclosure would be of value to the accused." 386 F.2d at 393.

**WHEREFORE**, Brian R. Coleman, by and through undersigned counsel, Brandon J. Henderson, Esq., and Justin M. Weatherly, Esq., and pursuant to Fed.Crim.R. 16 and the Fifth and Fourteenth Amendments to the United States Constitution, respectfully moves this Honorable Court for an order directing the Government, by and through its Assistant United States Attorney, to provide to defendant's attorney any exculpatory or mitigatory material, in the possession of the United States Attorney's office and/or its agents, for examination, transcription, copying or duplication for the aforementioned reasons.

s/ Justin M. Weatherly, Esq.
BRANDON J. HENDERSON, Esq.
JUSTIN M. WEATHERLY, Esq.
Counsel for Brian R. Coleman

**CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing was electronically delivered to the following on this 5th day of March 2020:

Elliot D. Morrison, Esq.
Office of the U.S. Attorney
801 Superior Avenue, West Suite 400
Cleveland, Ohio 44113

Marc D. Bullard, Esq.
Office of the U.S. Attorney
801 Superior Avenue, West Suite 400
Cleveland, Ohio 44113

                                              s/ Justin M. Weatherly, Esq.
                                              BRANDON J. HENDERSON, Esq.
                                              JUSTIN M. WEATHERLY, Esq.
                                              Counsel for Brian R. Coleman